# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| MARY LEE HAYWOOD | CIVIL ACTION NO. 09-0097 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ANTONIO PIZARRO | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Record Document 4) filed by the defendant, Antonio Pizarro, M.D., ("Dr. Pizarro"). Dr. Pizarro argues that the Court lacks subject matter jurisdiction over this lawsuit because there exists neither federal question nor diversity of citizenship subject matter jurisdiction. See id.[1] The plaintiff, Mary Lee Haywood ("Haywood"), has opposed the motion by filing two "Notice of Memorandum." See Record Document 6 & 8. She also filed a letter of opposition with the Court on March 24, 2009. See Record Document 9. For the reasons which follow, the Motion to Dismiss for Lack of Subject Matter Jurisdiction is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**.

## I.   BACKGROUND.

On January 15, 2009, Haywood filed a lawsuit alleging medical malpractice against Dr. Pizarro. See Record Document 1. Specifically, she alleges that Dr. Pizarro performed an unnecessary surgery and did not tell her about any of her alternatives. Id. Haywood claims that Dr. Pizarro cheated her out of life and abused her. Id. In addition, Haywood

---

[1] Pizarro filed his Motion to Dismiss for Lack of Subject Matter Jurisdiction on two alternative grounds: (1) there exists neither diversity of citizenship nor a federal question; and (2) this lawsuit is premature. The Court analyzed the motion under the first ground, which was dispositive of the case.

has alleged in her opposition that Dr. Pizarro removed organs which he should have never taken. See Record Document 6. Haywood is seeking damages for pain and suffering and mental anguish. See id.

On February 19, 2009, Dr. Pizarro filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1),[2] arguing that this Court lacks subject matter jurisdiction over the instant matter. The Court will now proceed to the merits of the Motion to Dismiss.

## II. LAW AND ANALYSIS.

It is a fundamental principle of federal jurisprudence that federal courts are courts of limited jurisdiction empowered to hear only those cases that are within the constitutional grant of judicial power, and that have been entrusted to them by a jurisdictional grant enacted by Congress. See Sarmiento v. Tex. Bd. of Veterinary Medical Examiners By and Through Avery, 939 F.2d 1242, 1245 (5th Cir. 1991) (citations omitted). The basic statutory grants of federal subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. See Arbaugh v. Y&H Corp., 546 U.S. 500, 513, 126 S.Ct. 1235, 1244 (2006). Section 1331 provides for federal question jurisdiction, while Section 1332 provides for diversity of citizenship jurisdiction. See id. "A plaintiff properly invokes [Section] 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States" and "[Section] 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount." Id. (citations

---

[2]Federal Rule of Civil Procedure 12(b)(1) provides in pertinent part:

Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: lack of subject-matter jurisdiction.

omitted).

Haywood's complaint contains no jurisdictional statement. Likewise, in opposing the Motion to Dismiss, she fails to reference the basis of subject matter jurisdiction. Instead, her only invocation of subject matter jurisdiction appears on the "Civil Cover Sheet" she completed when filing her lawsuit. On the Civil Cover Sheet, Haywood selected "Federal Question" as the "Basis of Jurisdiction" and "360 Other Personal Injury" as the "Nature of Suit." Record Document 1-3. She also wrote "28:1331 mm" on the Civil Cover Sheet as the "brief description of cause." Id. The record is devoid of any other basis for subject matter jurisdiction.

Haywood's lawsuit sets forth medical malpractice claims governed by Louisiana Revised Statute 40:1299.41 *et seq.* There is no allegation of any violation of a federal law. Thus, there is simply no federal question at issue in this case. Further, even if Haywood had attempted to proceed under diversity subject matter jurisdiction, she fails because the record reveals that Haywood and Dr. Pizarro are both domiciled in Louisiana. On the Civil Cover Sheet and in her complaint against Dr. Pizarro, Haywood listed her address as 108 Jehovahs Lane, Dubberly, LA 71024. See Record Documents 1 & 1-3. Dr. Pizarro stated in his affidavit that he "resides at 180 Charles Avenue, Shreveport, Louisiana and has lived there continuously since 2004." Record Document 4-3. Based on this record evidence, any attempt by Haywood to establish diversity jurisdiction must fail. Without any basis for subject matter jurisdiction, this lawsuit can not proceed in federal court.

### III. CONCLUSION.

Based on the foregoing, the Court lacks federal subject matter jurisdiction over this lawsuit, as neither federal question nor diversity of citizenship jurisdiction exist in this case.

Thus, the Motion to Dismiss is granted and Haywood's complaint is dismissed without prejudice.[3]

**THUS DONE AND SIGNED**, at Shreveport, Louisiana, this the 17th day of June, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[3] The dismissal in the instant action is without prejudice as Haywood is free to file a petition in state court, subject to any applicable prescription periods, alleging medical malpractice against Dr. Pizarro.